In re: Grand Jury SUBPOENA.

Joshua Wolf, Witness—Appellant,

v.

United States of America, Appellee.

No. 06–16403.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 1, 2006.*

Filed Sept. 8, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, GRABER and CLIFTON, Circuit Judges.

### MEMORANDUM **

This is a recalcitrant witness appeal. 28 U.S.C. § 1826. Appellant Joshua Wolf contests his duty to comply with a grand jury subpoena directing him to give testimony and to produce, *inter alia,* a videotape that he made of a protest demonstration that took place on July 8, 2005. Wolf contends that the subpoena violates his rights under the First and Fifth Amendments to the United States Constitution. We affirm the district court's contempt order.

The district court had jurisdiction pursuant to 28 U.S.C. §§ 1826, 1331. We have jurisdiction pursuant to 28 U.S.C. §§ 1826, 1291. We review the district court's contempt order for abuse of discretion. *See Doe v. United States,* 383 F.3d 905, 909 (9th Cir.2004).

The grand jury is investigating events that took place during the protest when, allegedly, a police car was set on fire by one of the protestors. The grand jury believes that Wolf's videotape might contain evidence of the perpetrators who set the fire. Accordingly, the grand jury issued a subpoena directing Wolf to appear before it on June 15, 2006, to testify, and to bring with him all of the records and materials set forth in the attachment to the subpoena. Wolf refused to comply, even after his motion to quash the subpoe-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

na was denied and he was ordered by the district court to comply.

Following a two-day hearing, the district court held Wolf in contempt for failing to comply with the district court's previous order directing him to testify and produce the requested material. We agree with the district court that the government met its burden of proving by clear and convincing evidence that: (1) there was an authorized request for information by the grand jury, (2) the information sought was relevant to the proceeding, (3) the information sought was not already in the government's possession, and (4) Wolf failed to comply with the request. *See Battaglia v. United States,* 653 F.2d 419, 422–23 (9th Cir.1981). The district court also correctly rejected Wolf's claims that he had just cause for refusing to comply with the subpoena.

## A. First Amendment Issues

The issue of whether journalists who are called to testify before grand juries are entitled to protection under the First Amendment is not new. The Supreme Court has declined to interpret the First Amendment to "grant newsmen a testimonial privilege that other citizens do not enjoy." *Branzburg v. Hayes,* 408 U.S. 665, 690, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972). The Court held, "the Constitution does not, as it never has, exempt the newsman from performing the citizen's normal duty of appearing and furnishing information relevant to the grand jury's task." *Id.* at 691, 92 S.Ct. 2646. Reporters have no First Amendment right to refuse to answer "relevant and material questions

asked during a good-faith grand jury investigation." *Id.* at 708, 92 S.Ct. 2646.

■ In interpreting *Branzburg,* we have held that a limited balancing of First Amendment interests may be conducted only "where a grand jury inquiry is not conducted in good faith, or where the inquiry does not involve a legitimate need of law enforcement, or has only a remote and tenuous relationship to the subject of the investigation." *Scarce v. United States,* 5 F.3d 397, 401 (9th Cir.1993). The district court specifically found that none of the concerns articulated in *Scarce* is present in this case. We agree. None of the authorities cited by either Wolf or the *amici* requires the district court to conduct a balancing test where, as here, there is no showing of bad faith and the journalist refuses to produce non-confidential material depicting public events.

■ Wolf argues that the grand jury is being conducted in bad faith because he thinks that the burning of a police car is not a federal concern.[1] The issue here is not whether prosecution of a given crime is in the government's interest. The Supreme Court specifically cautioned against the courts making such determinations. *See Branzburg,* 408 U.S. at 705–06, 92 S.Ct. 2646. The grand jury in this case is investigating conduct related to a possible violation of 18 U.S.C. § 844(f)(1). The evidence in the record appears to support the investigation. Moreover, the video footage of the protest filmed by Wolf is directly relevant to the grand jury's investigation. Accordingly, the grand jury investigation is being conducted in good faith and the

---

1. Wolf claims that the California Shield Law would protect him if this subpoena had been issued by a grand jury in California state court. The California Shield Law protects a "publisher, editor, reporter, or other person connected with or employed upon a newspaper, magazine, or other periodical publication, or by a press association or wire service." Cal. Const. art. I, § 2(b). Wolf produced no evidence this videotape was made while he was so connected or employed.

district court correctly refused to conduct a balancing test.[2]

■ Wolf and *amici* next argue that we should recognize a common-law journalist's privilege pursuant to Federal Rule of Evidence 501. This argument has been squarely rejected. *See Branzburg*, 408 U.S. at 698–99, 92 S.Ct. 2646; *cf. Scarce*, 5 F.3d at 402.

Wolf and *amici* also argue that the district court's order will have a chilling effect on Wolf's ability to gather news because groups will perceive him as being an investigative arm of the law. This argument has also been rejected by the Supreme Court. *See Branzburg*, 408 U.S. at 699–700, 92 S.Ct. 2646 ("From the beginning of our country the press has operated without constitutional protection for press informants, and the press has flourished. The existing constitutional rules have not been a serious obstacle to either the development or retention of confidential news sources by the press."). Our decision today does not alter the long-established obligation of a reporter to comply with grand jury subpoenas.

### B. Fifth Amendment Issues

■ Wolf asserts both that the videotape is itself privileged, and that the act of producing the tape is testimonial and is therefore privileged.

The Fifth Amendment states: "No person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. It protects only against compelled self-incrimination. *Fisher v. United States*, 425 U.S. 391, 401, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). The contents of a record or tape are not privileged under the Fifth Amendment if the record was created voluntarily. *United States v. Hubbell*, 530 U.S. 27, 35–36, 120 S.Ct. 2037, 147 L.Ed.2d 24 (2000). Wolf voluntarily created this videotape and, thus, the Fifth Amendment does not protect him from disclosing its contents. *See Hubbell*, 530 U.S. at 35–36, 120 S.Ct. 2037; *Fisher*, 425 U.S. at 410 n. 11, 96 S.Ct. 1569.

The compulsory production of voluntarily created records may have inherently testimonial aspects where it requires the witness tacitly to attest that the evidence sought exists, that it is in his possession, that the materials produced are those described in the subpoena, and that this testimony may incriminate him. *Fisher*, 425 U.S. at 408, 96 S.Ct. 1569; *Doe*, 383 F.3d at 908–09. Here, although Wolf argues that production of the videotape will incriminate him, he fails to explain how. Importantly, Wolf has already voluntarily admitted that he made the videotape, that it is in his possession, and that it is described in the subpoena. Wolf fails to show how his mere possession of the videotape is a violation of a criminal statute.

---

2. Even if we applied a balancing test, we would still affirm. Wolf sold a portion of the videotape to several television stations, and posted portions of the videotape on his Website. The taped activities occurred entirely in public and did not occur in response to Wolf's prompting, whether by questions or recording. He simply videotaped what people did in a public place. Wolf does not claim that he filmed anything confidential nor that he promised anyone anonymity or confidentiality. Therefore, this case does not raise the usual concerns in cases involving journalists. *See Branzburg*, 408 U.S. 665, 92 S.Ct. 2646; *Lewis v. United States*, 501 F.2d 418, 423 (9th Cir.1974) (holding "there was no request by the suppliers of the document and the tape to keep the information contained in them private or to withhold the articles themselves from examination. Even had there been such, the lesson from *Branzburg, supra*, is that such a request, either explicit or implicit, may not override the authority of the Grand Jury.").

For the foregoing reasons, the district court's civil contempt order is **AF-FIRMED.**